36 F.3d 127
 308 U.S.App.D.C. 313
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Viola J. KEYES, et al., Appellants,
v.
DISTRICT OF COLUMBIA, et al., Appellees.
 No. 92-7258.
 United States Court of Appeals, District of Columbia Circuit.
 April 26, 1994.
 
 Before: MIKVA, Chief Judge, and GINSBURG and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on appeal from the United States District Court for the District of Columbia and on the briefs filed by the parties and arguments by counsel. The arguments have been accorded full consideration by the court and occasion no need for a published opinion. See D.C.Cir.Rule 36(b). For the reasons stated below, it is
 
 
 2
 ORDERED and ADJUDGED, by the Court, that the district court decision is affirmed. By passing and ratifying the Emergency Amendment Act of 1991, the D.C. Council and Congress observed all due process in altering any property right appellants may have had in continued employment with the D.C. government. Appellants were also not denied equal protection of the law, as terminating only non-collective bargaining unit members was rationally related to the important goal of reducing the city government's payroll at a minimum cost to taxpayers. Finally, we are barred from considering Ms. Keyes' contract clause claim by Judge Sporkin's finding (which was not appealed) that "nothing in her settlement agreement [ ] immunized her from a legitimate, nondiscriminatory RIF." Keyes v. District of Columbia, No. 89-1478, mem. op. at 2-3 (D.D.C. Sept. 15, 1993).
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41(a)(1).